UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS

REGGIE P. GUEDRY                             NO.: 3:05-cr-00130-BAJ-SCR

## RULING AND ORDER

Before the Court is Petitioner's **MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE** pursuant to 28 U.S.C. § 2255 (Doc. 40). The Magistrate Judge has issued a **REPORT (Doc. 42)**, recommending that Petitioner's petition "be dismissed, with prejudice, as untimely" because it was not filed within one year of the date that Petitioner's conviction became final, and Petitioner did not otherwise establish that equitable tolling should apply, (*id.* at pp. 2–4). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 43)

Having independently considered Petitioner's **PETITION (Doc. 40)** and related filings—including Petitioner's objections[1]—the Court **APPROVES** the

---

[1] In his objections, Petitioner agrees with the Magistrate Judge's determination that his habeas petition is untimely unless equitable tolling applies. (*See* Doc. 43 at p. 4). He takes issue, however, with the Magistrate Judge's conclusion that equitable tolling does *not* apply here. In making his case, Petitioner relies primarily on *Holland v. Florida*, 130 S. Ct. 2549 (2010), arguing that "under the approach mandated by *Holland*, the one (1) year statutory limitation of 28 U.S.C. §2255(f)(1) should be subject to equitable tolling based upon [his attorney's] 'serious instances of attorney misconduct.'" (Doc. 43 at p. 7).

Upon independent review, this Court disagrees. Certainly, the *Holland* Court recognized that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases," *id.* at 2560, and that, at least sometimes, an attorney's misconduct that results in expiration of the statute of limitations can be a basis for equitable tolling, *see id.* at 2564–65. In reaching these conclusions, however, the *Holland* Court first reaffirmed the standard rule that "[a] petitioner is entitled to equitable tolling [only] if he shows (1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing," *id.* at 2553 (quotation marks omitted, emphasis added). Here, even if this Court assumes that attorney misconduct constitutes an "extraordinary circumstance" sufficient to satisfy the second prong of the equitable tolling analysis, Petitioner's claim still fails because he cannot show that he diligently pursued his rights. Simply put, Petitioner's showing of diligence falls far short of that which satisfied the Supreme Court in *Holland*. (*Compare* Doc. 40 at p. 7 (stating

Magistrate Judge's **REPORT (Doc. 42)**, and the recommendation contained therein, and **ADOPTS** it as the Court's opinion.

Accordingly,

**IT IS ORDERED** that Petitioner's § 2254 Petition (Doc. 40) is **DISMISSED WITH PREJUDICE** for the reasons explained in the Magistrate Judge's Report and Recommendation (Doc. 42).

**IT IS FURTHER ORDERED** that Petitioner's request for "a hearing to determine whether he is entitled to have his sentence vacated, set aside, and/or otherwise corrected" (Doc. 43 at p. 11) is **DENIED** for lack of good cause shown. See *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

Baton Rouge, Louisiana, this 4th day of December, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

merely that "Mr. Guedry discovered, with due diligence and for the first time, that [his lawyer] did not complete *any* of the promised post-trial remedial efforts"), *and* Doc. 43 at p. 9 (same), *with Holland*, 130 S. Ct. at 2565 ("Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.")). Accordingly, Petitioner cannot prevail in his argument that equitable tolling should apply to his case, even under the Supreme Court's analysis in *Holland*. *Cf. Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (noting that "mere ignorance of the law *or lack of knowledge of filing deadlines* does not justify equitable tolling" (emphasis added)).